UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Criminal Action No. 5:23-cr-00005-BJB-LLK-1

**UNITED STATES OF AMERICA**                                                                                   **PLAINTIFF**

**v.**

**JOSE EDUARDO RODRIGUEZ**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## SCHEDULING A VIDEO TELECONFERENCE

This matter is before the Court on Defendant's motion and supplemental ex-parte motion to withdraw as attorney [Doc. 61, 72]. The Court referred Doc. 61 and Doc. 72 to the undersigned magistrate judge for ruling pursuant to 28 U.S.C. § 636(b)(1)(A), specifying that the undersigned "may conduct any hearing necessary for resolution." [Doc. 63, 74].

For the reasons below, the Court will schedule a video teleconference (Zoom) hearing on Doc. 61 and Doc. 72.

**Procedural history**

Defendant was arrested in the District of Nevada on a warrant issued by this Court. [Doc. 31].

On May 31, 2023, Defendant appeared in Nevada before Magistrate Judge Nancy J. Koppe. *Id.* Magistrate Judge Koppe released Defendant on an Appearance Bond, which required, among other things, that Defendant's travel is restricted to the "State of NV" except that he may "travel to the Western District of Kentucky for the purpose of Court only." [Doc. 31-3]. Additionally, Magistrate Judge Koppe entered a separate Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail, which indicated that Defendant must travel to this Court "as ordered":

> After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:
>
> Place:  Federal Building and U.S. Courthouse            Courtroom No.: AS ORDERED
>            501 Broadway                                                        Date and Time: AS ORDERED

1

      Paducah, KY 42001

[Doc. 31-4].

On July 18, 2023, Defendant appeared before the undersigned magistrate judge via Zoom for arraignment on the indictment. [Doc. 36]. The undersigned entered an Order that Defendant "shall be released pursuant to the previously ordered bond and conditions of release that was agreed upon by the defendant and entered into the record on May 31, 2023, by Magistrate Judge Nancy J. Koppe in the District of Nevada." [Doc. 36].

On March 11, 2024, Defendant filed the present motion to withdraw as attorney. [Doc. 61]. Defense counsel contacted the Clerk's office and requested that any hearing on the motion be via Zoom (rather than in-person).

On March 29, 2024, the undersigned entered an order for further briefing of Doc. 61. [Doc. 67].

On April 8, 2024, defense counsel filed the present supplemental ex-parte motion to withdraw as attorney. [Doc. 72].

**Out of an abundance of caution, the Court will hold a hearing on the motions at Doc. 61 and Doc. 72.**

"An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Marrero*, 651 F.3d 453, 464 (6th Cir. 2011). For "good cause" to be present, "the conflict between the attorney and client [must be] so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* A "lack of communication resulting from a defendant's refusal to cooperate with his attorney does not constitute good cause for substituting counsel." *Id.* at 466.

In this case, neither the motion to withdraw as attorney [Doc. 61] nor defense counsel's supplemental ex-parte motion [Doc. 72] clearly identify "good cause" for substitution of counsel. Nevertheless, a district court "simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it." *Marrero*, 651 F.3d at 464. Further, in the event the district court denies

2

a motion to substitute appointed counsel, the Sixth Circuit will scrutinize the "adequacy of the [district] court's inquiry into the defendant's complaint." *Id.* at 464-65. Therefore, out of an abundance of caution, the court will conduct a hearing on the motions at Doc. 61 and Doc. 72.

**Caselaw authorizes this Court to conduct a Zoom hearing on the motions.**

Long before COVID-19 and the CARES Act, federal district courts utilized video teleconferences (rather than in-person hearings) to resolve motions for new appointed counsel when there was a significant distance between an indigent defendant and the courthouse. For example, in *United States v. DeBruler*, 788 F. App'x 1010 (6th Cir. 2019), the Sixth Circuit criticized the district court for **not** taking advantage of such a video teleconference.

In *DeBruler*, the district court set an in-person hearing on DeBruler's motion for new appointed counsel in Marquette, Michigan. DeBruler lived 425 miles away in Detroit, Michigan. After DeBruler failed to appear for the hearing, the district court held a two-minute hearing with only defense counsel present and summarily denied the motion on the record.

In reviewing a district court's denial of a motion for new appointed counsel, the Sixth Circuit considers four factors: "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry; … (3) whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense … [and (4)] the public's interest in the prompt and efficient administration of justice." *DeBruler*, 788 F. App'x at 1011 (citing *United States v. Powell*, 847 F.3d 760, 778 (6th Cir. 2017)).

In *DeBruler*, the Sixth Circuit held that the district court's inquiry (factor 2) was inadequate:

> We have held that "the district court simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it." *United States v. Marrero*, 651 F.3d 453, 465 (6th Cir. 2011). Giving a defendant this chance to be heard "not only aids in determining whether 'good cause' has been shown, but serves to ease the defendant's distrust, to preserve the integrity of the trial process, and to foster confidence in the jury verdict." [*United States v. Iles*, 906 F.2d 1122, 1132 (6th Cir. 1990)].
> …

> We recognize the difficulties in conducting pretrial proceedings in Marquette while parties, attorneys, and judicial officers may be based much further south. But that is why our procedures allow for phone conferences, electronic filing, and the like. Indeed, the record reveals that telephonic conferences were often used in this case. Given those alternatives, the in-person hearing at a faraway courthouse does not seem to have given the indigent DeBruler a reasonable opportunity to explain the conflict and ease her distrust.

*DeBruler*, 788 F. App'x at 1013.

As indicated above, Defendant has requested that any hearing on his motion to withdraw as attorney [Doc. 61] be via Zoom (rather than in-person). The Court will honor Defendant's request as it is supported by Sixth Circuit caselaw (*DeBruler*).

**ORDER**

For the foregoing reasons, the Court shall SCHEDULE a video teleconference (Zoom) hearing on Defendant's motion and supplemental ex-parte motion to withdraw as attorney [Doc. 61, 72].

The ex parte hearing is hereby SCHEDULED, via video teleconference, for **Tuesday, April 23, 2024, at 10:30 a.m. Central Time** before Magistrate Judge Lanny King. The Zoom link will be scheduled and e-mailed to Defense Counsel the week prior to the hearing. Upon receipt of the link, Defense Counsel will be directed to forward this information to the Defendant.

April 18, 2024

Lanny King, Magistrate Judge
United States District Court

C: Defense Counsel